RACHEL E. KAUFMAN (Cal. Bar No. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH JOHANSEN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**LOANDEPOT.COM LLC**, and **JOHN DOE CORPORATION D/B/A WATERFRONT CONSULTING,**<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

### Nature of this Action

1. Kenneth Johansen ("Plaintiff") brings this class action against LoanDepot.com LLC ("LoanDepot") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. LoanDepot engaged in telemarketing to originate new leads for their

company. LoanDepot made such telemarketing calls itself and through third parties, such as John Doe Corporation d/b/a Waterfront Consulting. However, the defendants did so by calling residential numbers listed on the National Do Not Call Registry, like Mr. Johansen's, which is prohibited by the TCPA.

3. The Plaintiff never provided his express written consent to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of defendants.

4. A class action is the best means of obtaining redress for the defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff is a natural person who at all relevant times resided in Ohio.

6. Defendant LoanDepot.com LLC is a limited liability company that maintains its principal place of business in Foothill Ranch, CA.

Class Action Complaint
Case No.

7. Defendant John Doe Corporation d/b/a Waterfront Consulting is a telemarketer that had an agreement with LoanDepot to make calls in order to originate leads for them.

## Jurisdiction and Venue

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

9. The Court has personal jurisdiction over LoanDepot, because they reside in California, and over Waterfront consulting, as they entered into a contractual agreement with LoanDepot in California to make the telemarketing calls. Furthermore, on the telemarketing calls themselves Waterfront consulting transferred the callers to LoanDepot's California calling operations.

10. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a portion of the events giving rise to this action occurred in this District, and the LoanDepot's principal place of business is in this District.

## The TCPA

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer

-3-
Class Action Complaint
Case No.

Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

15. Plaintiff Johansen is a "person" as defined by 47 U.S.C. § 153(39).

16. Plaintiff has a residential telephone number of (614) XXX-1037.

17. The Plaintiff's residential telephone number of (614) XXX-1037 has been on the National Do Not Call Registry since July of 2003.

18. The number is not associated with any business and is used for personal purposes.

19. The Plaintiff received a telemarketing call from Waterfront consulting on December 7, 2017.

20. During that call, "Dustin Anderson" from LoanDepot offered their residential refinance services.

21. Mr. Anderson confirmed that he was with LoanDepot, and that while he was physically located in Michigan, LoanDepot was headquartered in California.

22. The Plaintiff informed Mr. Anderson that he had received telemarketing calls that led to the contact and that he wanted "to stop the telemarketing calls".

23. Mr. Anderson told the Plaintiff "I wish I could help you…you can sue my company, that's fine".

24. Mr. Johansen ended the call by asking LoanDepot "Please don't call me again".

25. Yet, they did.

26. On January 24, 2018 Waterfront called the Plaintiff again on his residential line.

-5-
Class Action Complaint
Case No.

27. Waterfront made a similar sales pitch to what they did in December of 2017.

28. Waterfront then attempted to transfer Mr. Johansen to LoanDepot again, but was unable.

29. Waterfront informed Mr. Johansen that LoanDepot would call him directly.

30. Mr. Johansen requested that he not be called.

31. On August 6, 2018, Mr. Johansen was called on his residential line.

32. During that call, Mr. Johansen spoke with "Max Montano".

33. Mr. Montano offered Mr. Johansen LoanDepot's lending services.

34. Mr. Montano informed Mr. Johansen he was calling from Irvine, CA for LoanDepot.

35. Mr. Johansen informed Mr. Montano that he didn't want any more telemarketing calls.

36. Mr. Johansen asked to be placed on LoanDepot's Do Not Call list.

37. Mr. Montano informed Mr. Johansen that he did not have access to it.

38. Mr. Johansen ended the call by asking LoanDepot "Please don't call me again".

Class Action Complaint
Case No.

39. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

40. Moreover, these calls injured plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

**LoanDepot.com's Liability and its Arrangement with John Doe Corporation**

41. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

42. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for

-7-
Class Action Complaint
Case No.

violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

43. In that ruling, the FCC instructed that sellers such as LoanDepot.com may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

44. The May 2013 FCC Ruling held that, even absent evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

---

[1] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

-8-
Class Action Complaint
Case No.

45. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

FCC Rcd at 6592 (¶ 46).

46. LoanDepot.com is directly liable for the John Doe Corporation telemarketing calls because it actively participated in those calls by participating in the actual calling, as described above.

47. By engaging John Doe Corporation to make calls on its behalf to generate new business, LoanDepot.com "manifest[ed] assent to another person . . . that the agent shall act on the principal's behalf and subject to the principal's control" as described in the Restatement (Third) of Agency.

-9-
Class Action Complaint
Case No.

48. Moreover, LoanDepot.com maintained interim control over John Doe Corporation's actions.

49. For example, LoanDepot.com had absolute control over whether, and under what circumstances, it would accept a customer.

50. Furthermore, LoanDepot.com had day-to-day control over John Doe Corporation's actions, including the ability to prohibit it from contacting numbers on the National Do Not Call Registry. LoanDepot.com failed to make such an instruction to John Doe Corporation, and as a result, is liable for John Doe Corporation's conduct.

51. LoanDepot.com also gave interim instructions to John Doe Corporation by providing the volume of calling and leads it would purchase.

52. LoanDepot.com also indicated the various states and credit scores that would be required in order to transfer a potential customer to them.

53. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46). Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a

-10-
Class Action Complaint
Case No.

reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

### Class Action Allegations

54. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

55. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of LoanDepot (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

56. Plaintiff is a member of, and will fairly and adequately represent and protect the interests of, this Class, as he has no interests that conflict with any of the class members.

57. Excluded from the Class are Defendants, Defendants' officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

58. Plaintiff and all members of the Class have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their

privacy, annoyance, waste of time and the intrusion on their telephone that occupied it from receiving legitimate communications.

59. This Class Action Complaint seeks injunctive relief and money damages.

60. The Class as defined above are identifiable through the Defendants' dialer records, other phone records, and phone number databases.

61. The proposed Class is so numerous that, upon information and belief, joinder of all members is impracticable.

62. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

63. The proposed Class is defined by reference to objective criteria.

64. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

65. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

-12-
Class Action Complaint
Case No.

66. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

- whether Defendants made multiple calls to members of the National Do Not Call Registry Class;
- whether Defendants' conduct constitutes a violation of the TCPA; and
- whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

67. As a person whose telephone number was placed on the National Do Not Call List and who received more than one call in a twelve month period, Plaintiff asserts claims that are typical of the National Do Not Call Registry Class.

68. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

69. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that he seeks to represent.

70. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

-13-

Class Action Complaint
Case No.

71. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

72. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

73. There will be no insurmountable difficulty in the management of this action as a class action.

74. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the class.

75. Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c))**
**On behalf of the National Do Not Call Registry Class**

76. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-75.

-14-

Class Action Complaint
Case No.

77. Defendants violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

78. As a result of Defendants' violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), Plaintiff and the members of the National Do Not Call Registry Class is entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

79. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendants from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

**Count II**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c))**
**On behalf of the National Do Not Call Registry Class**

80. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-75.

81. Defendants violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period on Defendants' behalf to Plaintiff

-15-
Class Action Complaint
Case No.

and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

82. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), Plaintiff and the members of the National Do Not Call Registry Class is entitled to an award of $1,500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

83. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendants from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

**Trial by Jury**

84. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Injunctive relief prohibiting Defendant from calling telephone numbers on the National Do Not Call Registry advertising goods or services, except for emergency purposes;

b) As a result of the Defendant's willful and/or knowing violations of 47 C.F.R. § 64.1200(c), Plaintiff seeks for himself and each member of the

-16-
Class Action Complaint
Case No.

National Do Not Call Registry Class treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

c) As a result of Defendant's statutory violations of 47 C.F.R. § 64.1200(c), Plaintiff seeks for himself and each member of the National Do Not Call Registry Class up to $500 in statutory damages for each and every violation of the TCPA;

d) An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

e) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

Dated: May 19, 2020           Respectfully submitted,

**Kenneth Johansen**, individually and on behalf of those similarly situated individuals

By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman, Esq.

Class Action Complaint
Case No.

rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for Plaintiff and all others similarly situated*

-18-

Class Action Complaint
Case No.